JONATHAN WHITCOMB *v.* EDWIN CARDELL.

### Agency.   Attachment.

On the 7th of May, 1853, the plaintiff let J., his brother, have $1,500 in money and goods, and by a power of attorney appointed J. his attorney, to buy and sell real and personal property, or to exchange, or trade in, any kind of goods, or to transact any kind of business, in his name, to the amount aforesaid, and thereby authorized J. to use the profits and interest of said sum, from day to day, for his comfort and support, as a compensation for his labor *as such attorney*.   J. received said sum in trust, to be delivered to the plaintiff on demand, and expended most of it in the purchase of a farm and the erection of buildings thereon, which he occupied and carried on, and took the profits thereof to himself, except that occasionally the plaintiff had small sums arising therefrom, but not exceeding three or four hundred dollars in all, and the balance J. expended for stock to put upon the farm.   The farm, and personal property upon it, were always treated as the plaintiff's.   The whole transaction between the plaintiff and J. was in good faith.   On the 11th of June, 1870, the defendant attached, as the property of J., two cows and one heifer upon said farm, which were either purchased with the money so received by J., or sprung from those so purchased.   *Held*, that said property belonged to the plaintiff, and was not liable to attachment as the property of J.

TRESPASS for two cows and one heifer.   Trial by the court, March term, 1872, PECK, J., presiding.

The property in question was taken by the defendant as constable of the town of Warren, on the 11th day of June, 1870, by virtue of an execution against one Justus L. Whitcomb, a brother of the plaintiff, in favor of a creditor of the said Justus.

At the time of said taking, the property was upon a farm in said Warren, occupied and carried on by the said Justus.   It appeared that on the 7th of May, 1853, the plaintiff was a man of large property, and resided in Littleton, Mass., and that the defendant was poor and destitute of property and means of support; that the plaintiff on that day, at Littleton aforesaid, without any pecuniary or other consideration, except to aid his brother in enabling him by his labor and industry to gain a living for himself

and family, put into his hands fifteen hundred dollars in goods and money, but principally in money, on the terms specified in a written power of attorney, executed at the same time, and said Justus at the same time executed a receipt to the plaintiff for the same ; that under this arrangement and understanding, the said Justus, in behalf of the plaintiff, purchased a piece of land in Warren, sufficient for a small farm, at the price of $762, which was paid for out of the said $1,500, and the residue of the $1,500 was expended in erecting a house and necessary out-buildings on the premises (there being no buildings on the place when purchased as aforesaid), except a small portion of it, which was laid out to purchase a little stock to put on the place, and perhaps a trifling sum for farming tools to use on the place. The $1,500 not being quite sufficient for this purpose, a small mortgage was executed on the premises for the balance. The said Justus, as soon as he could get the necessary buildings erected, moved on to the premises and has occupied them with his family ever since, under the power of attorney aforesaid, the plaintiff and said Justus always treating the farm, and the personal property upon it, as the property of the plaintiff,—the said Justus and his family carrying on the place with their own labor, and living upon the products thereof. In the mean time, the plaintiff had out of the avails of the products of the place, small sums occasionally, not exceeding in all from three to four hundred dollars, which were partly in money and partly in cattle raised on the place during the time the said Justus was carrying it on; and in the mean time the plaintiff, at his own expense, had sent from Massachusetts, where he resided, a mowing machine of the value of $100, or more, for the use of the farm, which the said Justus ever thereafter used thereon. It appeared that from the time of the purchase of the place, to within a few years, the premises, and all the stock and property on the farm, were set in the grand list to the plaintiff, and the said Justus paid the taxes out of the proceeds of the farm, he having no list of his own except his poll. It also appeared that a few years before the taking complained of, one of the listers suggested to the said Justus that, to save having but one list, it would be more convenient to have the whole list set to him ; and at the lister's suggestion and request,

the said Justus consented, and it was so done, and had been so done from that time to the time of the taking of the property in question. It did not appear that this was done with the knowledge or consent of the plaintiff. It appeared that when the cows and heifer were sold on the execution, the said Justus procured a neighbor to bid them off, with the privilege of redeeming them, and the neighbor bid them off accordingly, and paid to the defendant the amount of the bid, and the cattle were not taken from the place; and subsequently the said Justus, in behalf of the plaintiff, paid to the man who bid them off, a part of the sum he had paid to the officer out of money derived from the proceeds of the farm, and after that the plaintiff came up to his brother's, and paid to the man, out of his own moneys in no way connected with the farm or its proceeds, the residue of the amount paid to the officer, and also paid him $5 or $10 for his trouble in the matter. After the purchase of the farm, the plaintiff had been in the habit of visiting the place occasionally, once in a few years; but he and his brother had never had any settlement in relation to the matter of the $1,500, or as to what had been done under the power of attorney. There was testimony that the premises were worth $1,800 or $2,000 at the time of trial, but that they could not be sold for that sum. The court found the premises worth at that time about $1,800. The three cattle in question were all the live stock on the farm at the time it was attached, except one cow. There were some farming tools on the place, and a little other personal property necessary for carrying on the place, but not of any great value. The cattle in question were raised from a cow which the said Justus bought and paid for out of the $1,500 received of the plaintiff, except one of the cows, which he either bought and paid for out of the proceeds of the farm, or raised from a cow he so bought. When the defendant took the property, the said Justus told him it belonged to the plaintiff.

It appeared that if the plaintiff should take the premises at the present value, and all the personal property, including that in question in this suit, it would not, with all he has received from the said Justus, pay him for his $1,500 and interest, but he would be out of pocket in the matter. The court found that the whole

transaction between the plaintiff and said Justus was in good faith. The defendant's counsel claimed that the property in question was attachable, and subject to be levied on as the property of said Justus, upon the ground that all the property there over and above $1,500, was attachable as his property; but the court found and decided otherwise, and rendered judgment for plaintiff; to which the defendant excepted. The judgment was not for the full value of the property, but only for what was necessarily paid to redeem it from the execution sale, and interest.

The following is a copy of the power of attorney and of the receipt above mentioned:

" Know all men by these presents that I, Jonathan Whitcomb, of Littleton, in the County of Middlesex, and State of Massachusetts, do hereby make, constitute, and appoint, Justus L. Whitcomb of said Littleton, my true and lawful attorney, for me, and in my name, to buy and sell real and personal property, or to exchange, or trade in, any kind of goods, or to transact any kind of business in my name, to the amount of fifteen hundred dollars, which is the sum in money and goods that I have put into his, the said Justus', care and keeping for his convenience in living and enjoying the comforts of life, which he is to have only from day to day out of the profits or interest of the above sum, which is to be his pay for the labor of the above care, &c.; hereby ratifying and confirming whatsoever my said attorney shall lawfully do or cause to be done in the premises from this date.

Witness my hand and seal this seventh day of May, 1853.

JONATHAN WHITCOMB, [L. S.]

*Signed, sealed and delivered,*
   *in presence of*

WILLIAM KIMBALL, }
DANIEL BOLLES. }

MIDDLESEX, ss, May 7th, 1853.—Then personally appeared the above Jonathan Whitcomb, and acknowledged the foregoing to be his free act and deed before me,

DANIEL BOLLES, *Justice Peace.*"

" LITTLETON, May 7, 1853.

Received of Jonathan Whitcomb fifteen hundred dollars in money and goods in trust, which I agree to deliver to, or let him take possession of, whenever he, the said Jonathan, shall demand the same.

[Signed]     JUSTUS L. WHITCOMB."

*Clough & Palmer*, for the defendant.

*Geo. M. Fisk*, for the plaintiff.

The opinion of the court was delivered by

REDFIELD, J.   The power of attorney and the receipt were executed at the same time, and are to be construed together.   They, together, show that the plaintiff put into the hands of his brother, Justus L., $1,500 to be held " in trust," and to be returned " on demand," with the *duty* to take care of it, invest, and exchange, and improve it; and with the *right* to live, and " enjoy the comforts of life," " only from day to day out of the profits or interest of the said sum."   The animals attached by the defendant were either purchased with that money, or sprung from those so purchased.   They were the property of the plaintiff.   The contract and relation being found *bona fide*, with no taint of fraud, the *title* of the property, and its increase, remains in the plaintiff. And the attachment and sale, as against the plaintiff, was a trespass.

Judgment affirmed.